■ In the Matter of RAYMOND J. WRIGHT, Respondent, v. COUNTY OF MONROE, Appellant.— Order unanimously reversed, without costs, and order of October 26, 1972, reinstated. Memorandum: On October 26, 1972 a Monroe County Judge revoked respondent's pistol permit after a hearing. The order was not entered and the time to appeal has not commenced to run. The Judge's term of office expired December 31, 1972 with nothing further being done. On May 17, 1973 the retired Judge's successor granted reargument solely to review "issues of law" and to avoid the time and expense of appeal by respondent. Thereafter he ordered restoration of the pistol permit and the confiscated firearms, contrary to the original order of October 26, 1972 signed by his predecessor. It is fundamental that a Judge may not review or overrule an order of another Judge of co-ordinate jurisdiction in the same action or proceeding (*Belski* v. *New York Cent. R. R.*, 38 A D 2d 882; *Collins, Inc.* v. *Olsker-McLain Ind.*, 22 A D 2d 485). While the unavailability of a retired Judge may permit a new Judge to grant reargument in a proceeding (see CPLR 2221), nonetheless, here an appeal was available and a considerable period of time elapsed between the order and the expiration of the retiring Judge's term without application to him for reargument. Under these circumstances we deem the succeeeding Judge's action an improvident exercise of discretion (*Parker* ,v. *Rogerson*, 33 A D 2d 284, 290–291, app. dsmd. 26 N Y 2d 964). (Appeal from order of Monroe County Court granting pistol license.) Present — Witmer, J. P., Cardamone, Simons and Mahoney, JJ.