■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT BEN-NETT PETGEN, Appellant. — Appeal from a judgment of the County Court of Greene County, rendered March 11, 1980, convicting defendant upon his plea

of guilty of the crime of manufacture, transport, disposition and defacement of weapons and dangerous instruments and appliances. In February, 1978 a Greene County Grand Jury handed down a 45-count indictment against the defendant, 43 counts of which charged unlawful possession of various weapons. Prosecution of the indictment was delayed pending a trial which ultimately resulted in a manslaughter conviction. That conviction was subsequently reversed because defendant had been deprived of the effective assistance of counsel *(People v Richard MM., 75 AD2d 389)*. The same attorney who had represented defendant during the manslaughter trial also represented him on the indictment herein until September, 1979 when present counsel was retained. In January, 1980 defendant moved for and was granted permission by Judge Fromer of the Greene County Court to file a motion to suppress evidence. A week later, the District Attorney's application to Judge Battisti, another Greene County Court Judge, for leave to reargue that motion was granted, Judge Fromer's order was vacated and the suppression hearing denied. Shortly thereafter, defendant pleaded guilty to the first count of the indictment in full satisfaction of all charges. The primary issue raised relates to whether reargument could even be entertained by Judge Battisti. CPLR 2221 provides that a motion to reargue is to be made to the Judge who signed the order "unless he is for any reason unable to hear it". In the affirmation offered in support of the People's motion to reargue, the District Attorney stated, and significantly it is not controverted, that Judge Fromer had disqualified himself from presiding at the trial of this action. That disqualification rendered him, within the meaning of CPLR 2221, unable to hear the People's application for reargument and made it quite proper for a Judge of co-ordinate jurisdiction to entertain it in his stead. Denial of leave to defendant to file the suppression motion was equally proper. Permission to file that motion was not sought until some 22 months after defendant's arraignment and four months after engaging new counsel. In light of that time frame and the discretion which CPL 255.20 (subd 3) reposes in the trial court, its ruling was not an abuse of discretion. Defendant would have us equate his original counsel's failure to make suppression motions with ineffective assistance of counsel. Inasmuch as the record in this case is barren of any discussion respecting the original counsel's choice of tactics and the reasons for handling this matter as he did, we are precluded from doing so (see *People v Aiken,* 45 NY2d 394; *People v Rivera,* 73 AD2d 528). Since the sentence imposed was not excessive, the judgment must be affirmed. Judgment affirmed. Mahoney, P. J., Casey, Yesawich, Jr., and Weiss, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. CPLR 2221 requires that a motion to modify or vacate an order shall be made, on notice, to the Judge who signed the order unless he is unable to hear it. The statute reflects the sound policy that Judges shall not·pass on or review a matter already passed upon by another Judge of equal authority or co-ordinate jurisdiction. The rule is intended to encourage finality, to avoid Judge-shopping and the confusion and uncertainty that results from professional conflicts. It matters not whether the decision is correct. Until it is reversed on appeal or set aside, it is conclusive. In the instant case, defendant sought and secured from Judge Fromer on January 25, 1980, an order to file suppression of evidence motions pursuant to CPL article 710. One week later, on February 2, 1980, the People sought reargument of that motion before another Judge of the same court, Judge Battisti. The affidavit in support of the motion contains the statement of the District Attorney that he has been "informed that the Hon. John J. Fromer has disqualified himself from presiding at the trial of this action and therefore should not have ruled on defendant's motion for leave to file late motions." The majority concludes from this statement that Judge Fromer was unable to hear the motion and; therefore, it was proper for Judge Battisti to

proceed. The equivocal statement of the District Attorney, based as it was on hearsay, can hardly be the exceptional situation contemplated in CPLR 2221 to excuse the wisdom of the policy that statute enunciates. The District Attorney makes the further statement that it was "improper" for Judge Fromer to pass on the original motion. However, neither his affidavit nor the subsequent oral argument before Judge Battisti sheds any light on what legal impropriety was involved in Judge Fromer's presiding at the hearing on such motion. Under such circumstances, it was improper for a Judge of co-ordinate jurisdiction to rule on the wisdom of his associate's decision. Judge Battisti violated the "law of the case" doctrine and, therefore, the judgment should be reversed *(People v Bauer,* 36 AD2d 888; *People v Canna,* 35 AD2d 1062). There is a further ground for reversal of the judgment in this case. The record discloses gross neglect by defendant's prior defense counsel in protecting defendant's interests. The record indicates that defendant had a meritorious claim for a suppression motion. Defense counsel failed to make the standard suppression motion in a case involving a purported warrantless search not incident to any arrest, and where the People intended to offer defendant's oral statements made to police without benefit of counsel. His former attorney's failure to make such critical motions and his total failure to do anything to prepare for trial and to protect the interests of this defendant denied defendant his fundamental constitutional right to effective assistance of counsel *(People v Droz,* 39 NY2d 457). The judgment should be reversed.