◼ ELEANOR SPAHN, Respondent, v YVONNE K. GRIFFITH et al., Appellants. — Order unanimously vacated, without costs. Memorandum: Defendants moved for an order compelling plaintiff to answer questions at an examination before trial and to execute an authorization for medical records. That motion was heard on June 3, 1983 and the Judge ruled from the Bench (as noted on the

Special Term note of issue): "Order granted, [plaintiff] to execute med. release, otherwise denied." That "order" was never reduced to writing. On August 17, 1983, defendants brought another motion to compel plaintiff to execute an authorization for the release of medical records. That motion was heard before a different Judge and the motion was denied. Defendants appeal from that order. ¶ The order appealed from must be vacated. "It is fundamental that one Judge may not review or overrule an order of another Judge of co-ordinate jurisdiction in the same proceeding (*Matter of Wright v County of Monroe,* 45 AD2d 932). The decision of the Judge who first rules in a case binds all courts of co-ordinate jurisdiction as 'the law of the case' (*Belski v New York Cent. R.R.,* 38 AD2d 882, 883), regardless of whether a formal order was entered (*Collins, Inc. v Olsker-McLain, Ind.,* 22 AD2d 485, 489)" (*Matter of Silverberg v Dillon,* 73 AD2d 838, 839). Any motion affecting a prior order should be made only to the Judge who issued that order unless he is unable to hear it (CPLR 2221; *Gajewski v Gajewski,* 71 AD2d 808; *Matter of Wright v County of Monroe, supra*). (Appeal from order of Supreme Court, Erie County, Doyle, J. — discovery.) Present — Callahan, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.)