■ EUGENE BEAVER, Appellant, v ECO INSULATION SYSTEMS, INC., Respondent and Third-Party Plaintiff-Respondent. UR-BAN INSULATION, INC., et al., Third-Party Defendants-Respondents.—Order modified and, as modified, affirmed, with costs to plaintiff, in accordance with the following memorandum: Pursuant to the statements of plaintiff and counsel for defendants at the time of oral argument, plaintiff is directed to provide to counsel for defendants, within 20 days of service upon him of the order entered hereon, authorizations providing for disclosure of the medical records and reports of the following treating physicians: Ilja Weinreib, Charles Addington, Ernest Zingapan, Albert Kraus, Harold Harris, Jack Freer, John Wadsworth, Nicholas Bona, Dr. Consello (or "Dr. Consolo"), Ridgway, Pennsylvania, Dr. Wells, Dr. Udagawa, Dr. Fina (or Dr. "Freena"), Alberta Drive, Amherst, New York.

All concur, except Callahan, J. P., who dissents and votes to modify the order, in the following memorandum.

Callahan, J. P. (dissenting). I respectfully disagree with the majority. Plaintiff appeals from so much of an order of Special Term entered November 21, 1984 as denied his motion for a protective order and granted defendants' cross motion for an order compelling plaintiff to execute a medical records authorization. Plaintiff is required to execute medical authorizations permitting defendants to obtain copies of all hospital records and physicians' reports who have rendered care and treatment to the plaintiff in connection with the injuries for which recovery is sought (CPLR 3101 [a] [3]; 3121 [b]; 22 NYCRR 1024.25; *Cynthia B. v New Rochelle Hosp. Med. Center,* 60 NY2d 452; *Cramer v Toledo Scale Co.,* 89 AD2d 1059). At the time of oral argument, the parties seemed to be in accord with what the statute and regulations required. However, no agreement or stipulation was entered into. In fact, plaintiff left the courtroom prior to oral argument of the attorneys for the defendants. So, we should address and resolve the issues raised.

The record reveals that there was a decision rendered on

April 10, 1984 by another Special Term Justice dealing directly with the medical records of this plaintiff. In fact, at the time of the motion herein, a protective order had been granted by that Judge, but never entered. Any motion affecting a prior order should be made to the Judge who issued that order unless he is unable to hear it (CPLR 2221; *Matter of Wright v County of Monroe,* 45 AD2d 932), regardless of whether a formal order was entered *(Spahn v Griffith,* 101 AD2d 1011). So, in my view, that part of the order which concerns us should be reversed and the matter referred to the previous Judge (CPLR 2217). As a matter of fact, the parties hereto did bring a motion for reargument pursuant to CPLR 2221 and 3120 before the previous Special Term Judge. While that Judge modified the prior decision in a memorandum dated February 14, 1985, he purposely avoided ruling upon the issues presented herein because of the subsequent ruling in this matter and the pending appeal herein. CPLR 2217 and 2221 are designed to conserve judicial effort. A proper transfer as intended by these statutes would have avoided undue delay and in all probability this appeal. (Appeal from order of Supreme Court, Erie County, Mintz, J.—discovery.) Present— Callahan, J. P., Denman, Boomer, Green and Pine, JJ.