■ FRIENDS OF KEUKA LAKE, INC., et al., Respondents, v HOWARD L. DeMAY, as Supervisor of the Town of Jerusalem, et al., Appellants, et al., Defendants. [615 NYS2d 203] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted plaintiffs' motion to vacate the prior order of the court approving a settlement agreement between defendant property owners and defendants Town Board of the Town of Jerusalem and related Town officials that resolved a number of lawsuits over the tax assessments and the regulation and use of lakefront property known as "Keuka Bluff Subdivision". In their submissions to the court, plaintiffs established that they are "interested person[s]" because they have a legitimate interest in seeking vacatur of the court's prior approval of the settlement (CPLR 5015 [a]; *see,* Town Law § 68 [2]; *Oppenheimer v Westcott,* 47 NY2d 595, 602).

A motion to vacate an order must be made to the Judge who signed the order unless the Judge is unable to hear the application (CPLR 2221 [a]; *Spahn v Griffith,* 101 AD2d 1011; *People v Petgen,* 81 AD2d 951, 952, *affd on other grounds* 55 NY2d 529). In this case, the Justice who signed the order subsequently recused himself. Thus, the motion was properly brought before a different Justice. On the record before us, it was not an abuse of discretion to vacate the order. "It is well established that a court maintains inherent power to vacate a judgment in the interest of justice" *(Ruben v American & Foreign Ins. Co.,* 185 AD2d 63, 67).

The court's earlier dismissal of plaintiffs' declaratory judgment action that sought a determination of the legality of the settlement was not based on the merits and, therefore, did not serve as a bar to plaintiffs' contemporaneous application for intervention and vacatur in the settlement proceeding. The court properly determined that the settlement agreement unlawfully contracted away the Town's future authority to regulate the subdivision (see, Quigley v City of Oswego, 71 AD2d 795, lv denied 48 NY2d 607) and that the agreement violated article 6 (§ 6.5) of the Zoning Ordinance of the Town of Jerusalem. (Appeal from Order of Supreme Court, Yates County, Cornelius, J.—Intervention.) Present—Pine, J. P., Lawton, Wesley and Doerr, JJ.