■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BILSKY, Appellant. [691 NYS2d 388] —Judgment, Supreme Court, New York County (Micki Scherer, J.), rendered January 23, 1998, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him to a term of 6 years to life, unanimously affirmed.

Defendant's motion to controvert a search warrant was properly denied in all respects. The law of the case doctrine has no applicability to the unusual circumstances under which the warrant was signed by a Magistrate other than the one to whom the warrant had initially been presented. The circumstances in which the first Magistrate signed the warrant but then withdrew her signature and permitted the People to seek another Magistrate does not evince a determination of the issues surrounding the events described in the affidavit. Defendant's challenge to the truth of the information contained in the search warrant affidavit was insufficient to require a hearing pursuant to *Franks v Delaware* (438 US 154). The affidavit provided the Magistrate with ample information, in light of the interpretations supplied by the experienced officer, to support a reasonable belief that drug activity was taking place on the premises (*see, People v Tambe,* 71 NY2d 492; *People v Manuli,* 104 AD2d 386). The officer properly obtained information in support of the warrant by listening from the hallway

outside defendant's apartment, since defendant has failed to establish a legitimate expectation of privacy in the common hallways of his building, accessible to all tenants and their invitees (*see, People v Coppin*, 202 AD2d 279, *lv denied* 83 NY2d 966). We have considered and rejected defendant's remaining claims. Concur—Rosenberger, J. P., Nardelli, Lerner, Saxe and Friedman, JJ.