OPINION OF THE COURT
 

 Bellacosa, J.
 

 The question proffered on this appeal is whether the “law of the case” doctrine applies when prosecutors make a second application for a search warrant to a different Judge from the one first presented with the application. We hold that the protocol does not apply, and the order of the Appellate Division should therefore be affirmed. Notably in this case and circumstance, the second applicátion contained a disclosure to the different Magistrate, describing the first fruitless effort.
 

 Over a period of approximately a week and a half, the NYPD Manhattan Narcotics Unit conducted a surveillance investigation of the sale of cocaine out of defendant’s apartment. An affidavit for a search warrant for defendant’s apartment was then prepared by a police officer, based on information obtained during the surveillance. On February 26, 1997, the application was presented to a Magistrate in the New York City Criminal
 
 *174
 
 Court. She examined the affidavit, asked the officer some questions, and signed the warrant. She then immediately crossed out her signature. She informed the law enforcement officials that she was “uncomfortable” about signing the warrant, gave no other explanation, and told them that they could present it to another Magistrate.
 

 The next day, the prosecution submitted the warrant application to a second Magistrate. The supporting affidavit was identical to the one given to the first Judge, the day before. The application added several sentences disclosing the previous presentment to the first Judge. The notification explained that the first Judge had initially signed it, but then crossed out her signature and that “the [J]udge encouraged the People to bring this matter before another magistrate.”
 

 The second Magistrate reviewed the application and issued the search warrant. Upon its execution the next day, the police recovered illegal drugs, drug paraphernalia, and weapons. Defendant was arrested in his apartment at the time of the seizure and was then charged with various felony counts of criminal conduct.
 

 A standard motion to suppress evidence ensued, challenging the validity of the search warrant. Supreme Court denied it. At a hearing on the motion, however, defense counsel informed the court that after filing the motion papers, he became aware of some confusion over which Magistrate had issued the search warrant.
 

 Supreme Court granted a motion to renew, to the extent of permitting defendant’s lawyer to brief the question of successive warrant applications. Treating the matter as one for reconsideration, the court then denied the motion. It stated that defendant had failed to persuade the court that “either law or custom” required reconsideration of the court’s earlier denial of suppression or a new hearing. The court noted that there was “no basis for finding that [the second Judge] did not act as a neutral magistrate in his review of the application for a search warrant in this matter.”
 

 The Appellate Division affirmed the judgment of conviction, secured on a guilty plea after the denial of the suppression motion. It concluded that the law of the case doctrine was not applicable so as to invalidate the warrant that issued for a judicially authorized search predicated on a finding of probable cause
 
 (see, People v Bilsky,
 
 261 AD2d 174). The court held that the circumstances in which the first Magistrate signed the
 
 *175
 
 warrant but then crossed out her signature and permitted the People to seek out another Magistrate did “not evince a determination of the issues surrounding the events described in the affidavit”
 
 (id.).
 
 A Judge of this Court granted defendant leave to appeal, and we now affirm the Appellate Division order.
 

 Defendant argues that when the first Magistrate struck her signature and expressed discomfort, a legal determination affecting the merits came about that the warrant application lacked probable cause. From that, defendant urges that the second Magistrate, as a Judge of coordinate jurisdiction and authority with the first, was barred from issuing the otherwise valid warrant. Defendant’s legal theory rests on the law of the case doctrine. The People counter that the first Magistrate made no legal ruling on the warrant application, therefore, the doctrine is not applicable.
 

 Recently, in
 
 People v Evans
 
 (94 NY2d 499), this Court plumbed the reach of this doctrine, and noted that it “addresses the potentially preclusive effect of
 
 judicial determinations
 
 made in the course of a single litigation
 
 before
 
 final judgment”
 
 (id.,
 
 at 502 [emphasis supplied in first instance]). We also noted that it “contemplates that the parties had a ‘full and fair’ opportunity to litigate the initial
 
 determination” (id.,
 
 at 502 [emphasis added]). The doctrine serves as “a concept regulating pre-judgment
 
 rulings
 
 made by courts of coordinate jurisdiction in a single litigation”
 
 (id.,
 
 at 503 [emphasis added], citing
 
 Martin v City of Cohoes,
 
 37 NY2d 162, 165;
 
 Matter of McGrath v Gold,
 
 36 NY2d 406, 413). Thus, this practical protocol presupposes that legal determinations of a merits nature have been made or are necessarily implicated. The circumstances of the present case do not even approximate these threshold qualifications for application of the doctrine.
 

 Were we to adopt defendant’s theory we would be deeming a proposed search warrant, which lacks an authorizing signature, as a binding judicial determination. That is neither tenable nor practical. Indeed, it would be an irregular and even mischievous tool against the orderly superintendence of such important matters.
 

 The first Magistrate never declared that she was declining to issue a warrant here because probable cause was not presented in the papers before her. Her own striking of her signature cannot be considered a legal merits determination that the law enforcement officials failed to present probable cause. Moreover, she invited the prosecution to present the application to a
 
 *176
 
 different Judge. Her suggestion undercuts defendant’s argument that she had made a legal determination, no less a binding one for all time and all purposes. No one of these features, however, is entirely dispositive, though each has its own cogency.
 

 Generally, rulings on a search warrant application are not the type of determinations to which the law of the case doctrine are intended to apply, in any event and even if a prior probable cause determination had been previously made.
 
 Evans
 
 recognized that the doctrine has been aptly characterized as “ ‘a kind of intra-action res judicata’ ”
 
 (id.,
 
 at 502, citing Siegel, NY Prac § 448, at 723 [3d ed]). It also rests on the prerequisite that parties would have fully litigated the issue in controversy
 
 (id.).
 

 Next, an application for a search warrant is not part of an “action.” It is often preliminary to a criminal action which is commenced “by the filing of an accusatory instrument with a criminal court” (CPL 100.05). Any “initial determination” is based, as customary, on an ex parte application — by definition not litigated by the parties in the adversarial sense at all. These considerations provide strong support for concluding that applications for search warrants are generally not the type of determinations to which law of the case should be a factor. The joinder of issue, with a legal determination of the kind subject to law of the case rubrics, comes later at the controverted suppression procedural crossroads.
 

 Notably, warrant requirements of the State and Federal Constitutions (NY Const, art I, § 12; US Const 4th Amend) are designed to place such matters before the detached and independent judgment of a neutral Magistrate. These requirements and governing precedents balance both “the interested viewpoint of those engaged in ferreting out crime and potential encroachments on the sanctity and privacy of the individual”
 
 (People v Hanlon,
 
 36 NY2d 549, 558;
 
 see also, Johnson v United States,
 
 333 US 10, 13-14). These protections, by way of the preferred warrant route to effect searches, are essential to insure that the interests of both sides, society and its individual members, are secure against unreasonable searches and seizures.
 

 These constitutional principles do not restrain law enforcement officials from seeking successive authorizations before different Magistrates, where warranted when one Magistrate may initially decline to issue a search warrant for a myriad of
 
 *177
 
 reasons on or off the record, whatever that may be in such matters
 
 (see, e.g., United States v Pace,
 
 898 F2d 1218, 1230 [7th Cir]). As that court emphasized, the important questions, “from a Fourth Amendment standpoint, are whether the magistrate really was ‘neutral and detached,’ and whether probable cause actually existed, not how many magistrates the government applied to before finally obtaining a warrant”
 
 (id.,
 
 at 1230-1231, relying on
 
 Franks v Delaware,
 
 438 US 154, 171-172).
 

 It should not be overlooked that a defendant retains the standard opportunity, through the vehicle of a suppression motion, to challenge a search warrant which a different, follow-up Magistrate ultimately may issue
 
 (see,
 
 CPL art 710;
 
 see also, 2
 
 LaFave, Search and Seizure § 4.2 [e], at 164-165 [3d ed]). Lack of authority, lack of probable cause, or any other cognizable ground for suppression are all fair game in that procedural arena. In
 
 People v Nieves
 
 (36 NY2d 396), this Court noted that the critical element, in reviewing the validity of a search warrant to determine whether it was supported by probable cause, was whether facts and circumstances made known to the issuing Magistrate at the time the warrant application was determined were sufficient to establish that nucleic ingredient of probable cause
 
 (id.,
 
 at 402, citing
 
 People v Hendricks,
 
 25 NY2d 129, 138;
 
 People v De Lago,
 
 16 NY2d 289, 292,
 
 cert denied
 
 383 US 963). Thus, our rejection of the law of the case doctrine to this, and generally as to other successive warrant application cases and circumstances, does not transgress or weaken Fourth Amendment protections.
 

 Lastly, the information placed before the second Magistrate disclosed the fact that the first Magistrate had earlier voided her signature on the search warrant initially presented to her. While there is no corresponding rule in the Criminal Procedure Law, CPLR 2217 (b) requires that “[a]n ex parte motion shall be accompanied by an affidavit stating the result of any prior motion for similar relief and specifying the new facts, if any, that were not previously shown.” The People, guided by the parallel civil rule and by sound, smart practice, disclosed what had transpired earlier. We emphasize that disclosure of a prior warrant application is the proper and preferred practice; it ought to be followed in the presentation of any successive warrant application to another neutral Magistrate. Forthright disclosure lessens the potential for inappropriate “Judge shopping” and alerts the different Magistrate fully to earlier developments, or nondevelopments, so that appropriate inquiry
 
 *178
 
 and consideration may be given for a fully informed judgment and decision on the matter at hand (contrast,
 
 People v Cocilova,
 
 132 Misc 2d 106 [first Judge requested certain additional items before signing a warrant; the law enforcement official applied to a different Magistrate for the warrant without assembling the requested items and without informing the second Judge of the first application]).
 

 In this case, and generally as to matters of this kind, the law of the case doctrine is simply a non sequitur.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed.