OPINION OF THE COURT
Alexander W. Hunter, Jr., J.
Defendant’s motions to controvert the search warrant and to dismiss the indictment are denied.
The defendant made a motion to renew and reargue the motion to controvert the search warrant, that was previously denied, on the basis that new information was ascertained through discovery materials received after the court’s initial decision on this matter. The defendant claims that the basis for controverting the search warrant is that one of the investigators who provided information that served as the basis *242 for the search warrant, Roy J. Casse, was aware that a previous search warrant with regard to the premises of Manhattan Mini Storage, 541 West 29th Street, New York, New York, bin number 050-5018, had been obtained by police officers from the New York City Police Department Organized Crime Investigation Division three months before.
The defendant claims that the fact that a search warrant had already been obtained for that premises in November 2000 should have been disclosed to the Magistrate who issued the search warrant on February 21, 2001. In particular, the defendant claims that since there is a section in the search warrant that states, “No previous application in this matter has been made to this Court or any other Court or any other Judge or Justice,” the fact that the issuance of the prior search warrant was not disclosed to the Magistrate who issued the February 2001 search warrant, serves as a basis to controvert that search warrant. The People disagree with this assertion.
At the outset, the court notes that when a defendant moves to controvert a search warrant, he is entitled to a hearing in which he may challenge the truthfulness of the allegations in the affidavit supporting it only where the veracity of the police officer affiant is attacked and not where the credibility of the source of the information is challenged. (See, People v Grisafi, 192 AD2d 147 [4th Dept 1993]; People v Slaughter, 37 NY2d 596 [1975]; People v Solimine, 18 NY2d 477 [1966]; Franks v Delaware, 438 US 154 [1978].)
The People cite People v Bilsky (95 NY2d 172 [2000]) to support their position that failure to disclose the existence of the prior search warrant is not dispositive on the issue of whether the motion to controvert should be granted. The Court in Bil-sky ruled that disclosure of a prior warrant application is the proper procedure to employ when presenting a successive warrant application to another neutral magistrate. (Id. at 177.) However, the Court in Bilsky was addressing the issue of probable cause with regard to successive warrants and ruled that disclosure of a prior warrant application should be made before presenting a successive warrant application to another magistrate. (Id.) In the case at bar, the issue is not whether probable cause existed but simply that the prior issuance of a search warrant was not disclosed to the issuing magistrate.
Courts have emphasized their preference for search warrants and have held that probable cause is solely for the Magistrate to determine in granting the search warrant. (People v Hanlon, 36 NY2d 549 [1975].) Furthermore, courts have *243 recognized that, “applications for search warrants should not be read in a hypertechnical fashion, but rather given a common sense review” and courts should not invalidate warrants by interpreting affidavits in this manner. (People v Traymore, 241 AD2d 226, 229 [1st Dept 1998]; People v Hendricks, 25 NY2d 129 [1969]; People v Tambe, 71 NY2d 492 [1988].)
Applying the principles set forth by both the Appellate Division and the Court of Appeals, this court finds that it would be improper to grant the defendant’s motion on the sole basis that information about the prior warrant was not disclosed. Here, it is clear that the magistrate who issued the warrant did so upon a finding of probable cause. This was not a situation where a prior magistrate did not find probable cause and the affiant approached a different magistrate and was, in effect, “judge shopping.” (People v Bilsky, 95 NY2d 172.) It is precisely for that reason that courts prefer full disclosure when approaching a second magistrate and not necessarily for the situation at hand. Courts look at whether the magistrate was “detached and neutral” and whether probable cause existed for the issuance of the search warrant. (Franks v Delaware, 438 US 154, 171-172 [1978].)
Moreover, the search warrant in this case was issued by a neutral and detached Magistrate, Justice Robert Cohen, who found that there was probable cause to issue the search warrant. Courts have also ruled that, “a presumption of validity attaches to a warrant since there has already been a judicial review as to its justification.” (People v Traymore, 241 AD2d 226, 230 [1st Dept 1998].) This, in effect, simplifies the suppression court’s task of determining whether probable cause existed for the issuance of the search warrant. (Id. at 230.)
In the case at bar, the affiant, Detective Edward Maxwell of the Bronx District Attorney’s Office Squad, may or may not have been aware of the fact that a previous warrant was issued to a different law enforcement agency for the same premises three months before. Furthermore, the People assert that the information regarding the previous search warrant was only recently obtained by the Bronx District Attorney’s Office. Moreover, the People, in their response, and defendant’s exhibit C indicate that police officers were going to attempt to execute the previous search warrant on November 16, 2000 but “canceled the operation” due to the fact that the subjects had been informed of a possible police raid. (Defendant’s exhibit C.) It therefore does not appear that the search warrant was ever executed and the officers did not seize any property.
*244 The court also notes that the defendant has failed to provide any authority for his assertion that the indictment must be dismissed due to the fact that there was no disclosure of the prior search warrant. For all of the foregoing reasons, the defendant’s motion to controvert the search warrant is denied.
As to the defendant’s claim that the grand jury proceedings were defective because the prosecutor misled the grand jurors and committed prosecutorial misconduct, the court finds this to be without merit. The defendant argues that one of the witnesses, Roy Casse, misled the jurors into believing that he was an eyewitness to some of the counterfeit compact disc sales. However, later in the proceedings, a question asked by one of the grand jurors clarified any possible misunderstanding the grand jurors may have had when Mr. Casse testified that he did not actually witness any of the sales. The court finds that there was no prosecutorial misconduct and the defendant could not have been prejudiced where the witness actually corrected his prior statement and clarified the misstatement for the grand jurors. Therefore, the grand jury proceedings were not defective and the defendant’s motion to dismiss the indictment is denied.
Finally, the defendant claims that the grand jury proceedings are defective because there was no testimony which identified the defendant as being present at the search inside the Bronx Boulevard address and no testimony that the defendant was ever seen inside the Manhattan Mini Storage bin location when the search warrants were issued. The People did not respond to this branch of the defendant’s motion. However, courts have ruled that the absence of eyewitness identification is not dispositive where a case involves circumstantial evidence. (People v Yip, 118 AD2d 472 [1st Dept 1986].) In that case, the Court ruled that on a motion to dismiss the indictment, there must be “a clear showing that the evidence before the grand jury was insufficient” and “the evidence must be examined in a light most favorable to the People.” (Id. at 473 [internal quotation marks omitted].)
Viewing the evidence in the light most favorable to the People, the court concludes that the defendant has failed to establish that the evidence before the grand jury was insufficient. Furthermore, the fact that there was no direct identification is “an additional consideration for trial and is not determinative as to the legal sufficiency of the indictment.” (Id. at 474; see also People v Silva, 69 NY2d 858 [1987]; People v Gonzalez, 54 NY2d 729 [1981].) In the case at bar, the court finds that there *245 was sufficient circumstantial evidence for a grand jury to return the indictment. Moreover, the prosecutor who presented the case to the grand jury instructed the jury as to circumstantial evidence and an indictment was nevertheless returned.
For all of the foregoing reasons, the defendant’s various motions are denied in all respects.