■ MICHAEL JAMES SHANNON et al., Appellants, v JOANNE M. SATTERLEE et al., Respondents. [816 NYS2d 691]—

Appeal from an order and judgment (one paper) of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered June 7, 2005 in a personal injury action. The order and judgment, upon a jury verdict, dismissed the complaint.

It is hereby ordered that the order and judgment so appealed

from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by plaintiff Michael James Shannon when he was struck by a vehicle driven by Joanne M. Satterlee (defendant) while he allegedly was repairing his mailbox on the shoulder of the road where defendant was traveling. Plaintiffs appeal from an order and judgment dismissing the complaint upon a jury verdict in favor of defendants. Contrary to the contention of plaintiffs, Supreme Court did not preclude them from eliciting opinion testimony from their orthopedic expert that Michael was struck by the vehicle on the outside of his right leg. Also contrary to the contention of plaintiffs, they were not prejudiced by any limitation on the testimony of their orthopedic expert inasmuch as he ultimately expressed his opinion that Michael's injuries were consistent with plaintiffs' version of the accident rather than defendants' version thereof. The jury verdict finding that defendant was not negligent is not against the weight of the evidence, i.e., it cannot be said that the verdict could not have been reached by the jury upon any fair interpretation of the evidence (*see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Kuncio v Millard Fillmore Hosp.*, 117 AD2d 975, 976 [1986], *lv denied* 68 NY2d 608 [1986]). Finally, the court did not err in admitting the testimony of a volunteer firefighter to the effect that plaintiff Paula Shannon had made statements at the scene that were consistent with defendants' version of the accident. Contrary to plaintiffs' contention, the doctrine of law of the case has no application to that evidentiary ruling (*see generally People v Bilsky*, 95 NY2d 172, 175 [2000]; *People v Evans*, 94 NY2d 499, 502-504 [2000], *rearg denied* 96 NY2d 755 [2001]; *Caster v Increda-Meal, Inc.* [appeal No. 2], 238 AD2d 917, 919 [1997]). Present— Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Hayes, JJ.