People v Espinal (2018 NY Slip Op 03613)





People v Espinal


2018 NY Slip Op 03613


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Friedman, J.P., Sweeny, Kapnick, Kahn, Oing, JJ.


6577 2210/11

[*1]The People of the State of New York, Respondent,
v
Pedro Espinal, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jody Ratner of counsel), for appellant.
Pedro Alejandro Espinal, appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (Megan DeMarco of counsel), for respondent.



Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered March 12, 2012, convicting defendant, after a jury trial, of robbery in the first degree, grand larceny in the second degree and two counts of attempted robbery in the third degree, and sentencing him to an aggregate term of 19 years, unanimously affirmed.
The court properly denied defendant's suppression motion. Defendant contends that he was entitled to suppression of physical evidence because, after lawfully arresting him outside the New Jersey apartment building where he was staying, and lawfully obtaining his key, the police unlawfully used the key to enter the common area of the building through a locked door. Defendant also claims the evidence should be suppressed because his mother's ensuing consent to enter her apartment was not knowing and voluntary. He argues that both of these police incursions were unconstitutional under New Jersey case law, which he asserts is both controlling under choice of law principles, and is more favorable to him than New York law as to both issues. He also argues that these incursions were unlawful under New York law in any event.
We find it unnecessary to decide any questions of New Jersey search and seizure law, because we find that New York law governs the issues raised here. Suppression issues, including those arising out of a defendant's constitutional rights, are generally governed by the law of the forum, and "New York has a paramount interest in the application of its laws to this case" (People v Benson, 88 AD2d 229, 231 [3d Dept 1982]; see also Barry Kamins, New York Search and Seizure, § 8.03 [and cases cited therein]).
Under New York law, we find that "defendant has failed to establish a legitimate expectation of privacy in the common [areas] of his building, accessible to all tenants and their invitees" (People v Bilsky, 261 AD2d 174, 174 [1st Dept 1999], affd 95 NY2d 172 [2000]). The unremarkable fact that access to the building was controlled by a locked outer door does not create an expectation of privacy that would not otherwise exist (see People v Corley, 2001 NY Slip Op 40196[U][Sup Ct, NY County 2011]). The basic principle underlying Bilsky and the many other cases with similar holdings is that general access to common areas negates a personal expectation of privacy in those areas for an individual resident. This principle applies except in unusual circumstances, such as where common areas are "shared for eating and bathing purposes essential to daily living and facilities for which are commonly found in any home" (People v Garriga, 189 AD2d 236, 241 [1st Dept 1993], lv denied 82 NY2d 718 [1993]). At least where common areas are used primarily as a means of ingress and egress, to be used by the residents of individual units and their invitees, the presence of a locked outer door does not create a legitimate expectation of privacy. Accordingly, defendant's rights were not violated when the police used his key to enter the building.
Next, we find that the record supports the hearing court's finding that, under the totality [*2]of the circumstances, defendant's mother voluntarily consented to the police entry into her apartment (see e.g. People v Hill, 153 AD3d 413, 417 [1st Dept 2017]). Among other things, the police specifically asked for her "permission" to enter. We also agree with the court that, even if the entry into the building were found to be unlawful, the mother's valid consent attenuated any initial illegality (see Matter of Leroy M., 16 NY3d 243 [2011]).
In any event, any error in the court's suppression ruling was harmless (see People v Crimmins, 36 NY2d 230 [1975]). There was overwhelming proof, independent of the physical evidence recovered as the result of the search at issue, that defendant committed the robbery that was the subject of the suppression hearing. That evidence included, among other things, an unequivocal identification by a store employee, an identification by a person to whom defendant sold much of the stolen jewelry, and defendant's admission to his girlfriend that he robbed the store.
We find no basis for reducing the sentence.
We have considered and rejected defendant's pro se arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK