People v Jackson (2023 NY Slip Op 01871)

People v Jackson

2023 NY Slip Op 01871

Decided on April 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2023

Before: Webber, J.P., Oing, Singh, González, Mendez, JJ. 

Ind. No. 4303/16, SCI No. 2713/18 Appeal No. 4-4A Case No. 2019-3224 

[*1]The People of the State of New York, Respondent,
v
Wali Jackson, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Robert Hunter of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Stacie Nadel of counsel), for respondent.

Judgments, Supreme Court, New York County (Laura A. Ward, J.), rendered October 1, 2018, convicting defendant, upon his pleas of guilty, of criminal possession of a weapon in the third degree, identity theft in the first degree and attempted grand larceny in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 8 to 16 years, unanimously affirmed.
The superior court information charging defendant with attempted third-degree grand larceny and first-degree identity theft was not jurisdictionally defective. Defendant contends that the superior court information was jurisdictionally defective because it charged what he alleges was a different incident, on March 10, 2018, at 2861 Broadway, from what was charged in the felony complaint, which occurred "on or about" March 8, 2018, at 2861 Broadway. Defendant's challenges to the dates and locations of the crimes, which are not elements of the crimes, are nonjurisdictional (see People v Thomas, 34 NY3d 545, 569 [2019], cert denied 589 US , 140 S Ct 2634 [2020]; People v Iannone, 45 NY2d 589, 600 [1978]). Accordingly, there was no mode of proceedings error exempt from preservation requirements, and we decline to review defendant's unpreserved claim in the interest of justice. Further, any discrepancy regarding the "on or about" date and precise address of the crime did not result in charging a different crime (see People v Milton, 21 NY3d 133, 136-137 [2013]), and defendant was plainly on notice of the charges upon which he was waiving indictment (see Thomas at 568-570).
Defendant made a valid waiver of his right to appeal (see Thomas at 557), which forecloses review of his suppression and excessive sentence claims. In any event, defendant did not preserve his claim that the lobby of his apartment building was part of the curtilage of his home, thus rendering the warrantless police entry unlawful, and we decline to review that claim in the interest of justice. As an alternative holding, we reject it on the merits (see People v Espinal, 161 AD3d 556, 557 [1st Dept 2018], lv denied 32 NY3d 1064 [2018]; People v Bilsky, 261 AD2d 174 [1st Dept 1999], affd 95 NY2d 172 [2000]; see also United States v Dunn, 480 US 294, 302-303 [1987]). We also perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2023