■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD SLAUGHTER, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered September 1, 1988, convicting him of attempted robbery in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to law enforcement authorities.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant was convicted after a jury trial of the attempted robbery at gunpoint of Karl Vogt on May 6, 1987, in Vogt's apartment located in Hempstead in Nassau County. Following his arrest, the defendant made certain statements to a Nassau County detective and other law enforcement officials. That branch of the defendant's motion which was to suppress those statements as involuntary was denied.

On appeal, the defendant's principal argument is that the trial court erred in permitting the People to introduce at trial the detective's testimony at the suppression hearing. The trial court ruled that the detective had since become unavailable and, therefore, the suppression hearing testimony was admissible pursuant to CPL 670.10 as an exception to the hearsay rule.

Preliminarily, the defendant's claim that the admission of the hearing testimony is not sanctioned under CPL 670.10 was not raised at trial and is, therefore, unpreserved for appellate review (see, CPL 470.05 [2]). The basis of the defendant's objection to the admission of the detective's hearing testimony was that the People failed to prove the statutory predicate for use of prior testimony in a criminal proceeding, namely, that the witness was unavailable to testify at trial. Nor did the trial court in its ruling address the question of whether hearing testimony was included within the types of prior testimony which may be used at a later proceeding (CPL 670.10 [1]; cf., People v Ayala, 142 AD2d 147, 156-157, affd 75 NY2d 422). Despite the fact that the alleged error is not preserved for appellate review, we are persuaded that the issue should be considered in the exercise of our interest of justice jurisdiction.

In People v Ayala (supra), the Court of Appeals affirmed this court's determination that suppression hearing testimony is not included, either expressly or by implication, among the types of testimony enumerated in CPL 670.10 (1) which may be used at a subsequent proceeding if a witness becomes unavailable. Accordingly, it was error to permit the prosecutor to read the hearing testimony of the detective to the jury.

Even if the suppression hearing testimony were admissible as testimony of an unavailable witness within the meaning of CPL 670.10 (1), we would find that the trial court erred in

allowing its introduction because the People failed to satisfy the statutory condition precedent, i.e. that the detective was unavailable. Prior to ruling on the People's application to admit the detective's suppression hearing testimony into evidence, the trial court conducted a brief hearing at which a psychologist who had been treating the detective testified. The testimony was to the effect that the detective was suffering from anxiety and depression and that the strain of testifying at the trial would be detrimental to him. Significantly, however, the psychologist acknowledged that the detective's condition did not prevent him from working nor was he hospitalized for treatment of the condition. Indeed, the detective was working at the time of the hearing. The described problems from which the detective was alleged to be suffering were strictly emotional and exhibited no physical component. In our opinion, this record is insufficient to demonstrate that the detective's physical and mental health would have been seriously jeopardized had he been required to testify.

Although the error in admitting hearing testimony at a subsequent proceeding may be subjected to harmless error analysis *(see, People v Ayala,* 142 AD2d 147, *affd* 75 NY2d 422, *supra),* we find, in light of the evidence and issues in the instant case, that this error considered in combination with other trial error requires reversal. The error in admitting hearing testimony does not involve the deprivation of a constitutional right. Accordingly, the standard of determining harmlessness is whether there is a " 'significant probability * * * that the jury would have acquitted the defendant had it not been for the error or errors which occurred' " *(People v Ayala,* 75 NY2d 422, 431, *supra,* quoting *People v Crimmins,* 36 NY2d 230, 242). The strength of the prosecution's case was not so substantial that there is no significant probability that the error might have contributed to the defendant's conviction.

Absent the detective's testimony which was the only evidence of the defendant's statements to the police adduced at trial, the direct proof implicating the defendant was provided only by Vogt's testimony. Vogt claimed that the defendant and his brother Gary McGraw had entered his apartment and while McGraw brandished a gun, the defendant demanded money he said Vogt owed him. He also claimed that McGraw hit him in the head with the gun when he resisted putting on handcuffs produced by the defendant. Vogt's version of the events is enhanced by the testimony of Police Officer Richard Wells who testified that the defendant and McGraw had permitted him entry into Vogt's apartment where he found

Vogt handcuffed and bleeding from his forehead. However, Vogt's credibility was seriously called into question by the fact that he was arrested together with the defendant and Mc-Graw and charged with criminal possession of a controlled substance, a class B felony. Vogt agreed to cooperate with the prosecution in exchange for a plea to a reduced charge. The charge stemmed from the recovery of cocaine from Vogt's apartment. The police also found $1,300 in cash. Circumstantial evidence of the defendant's guilt was limited to his presence at the scene and the condition in which the police found Vogt.

In light of Vogt's vulnerability as a credible witness, the significance of the erroneously admitted hearing testimony of the detective is more pronounced. While the evidence independent of the detective's testimony suggests that a crime occurred and that the defendant may have been involved, we conclude based upon our realistic appraisal of the evidence that there is a significant probability that the admission of the hearsay testimony might have contributed to the defendant's conviction for attempted robbery.

The People concede that additional error was committed by the trial court in permitting a bullet recovered from Mc-Graw's pocket at the time of arrest to be admitted into evidence at trial due to the People's failure to lay a proper foundation. Absent evidence of a live bullet, the People could not prove that the gun recovered from Vogt's apartment was a loaded weapon. In a prosecution for robbery in the first degree charging the defendant with having displayed what appeared to be, *inter alia,* a firearm during the course of the commission of the crime, it is an affirmative defense that the firearm displayed by the defendant was either unloaded or incapable of being fired *(see,* Penal Law § 160.15 [4]). Thus, at a minimum, the defendant would have been entitled to the benefit of the affirmative defense contained in Penal Law § 160.15 (4), which, if accepted by the jury, would have succeeded in reducing his liability from attempted robbery in the first degree to attempted robbery in the second degree *(see, People v Baskerville,* 60 NY2d 374, 380). Moreover, as the People further concede, the conviction of criminal possession of a weapon in the third degree based upon the defendant's alleged possession of a loaded firearm must also fail without proof of the recovered bullet *(see,* Penal Law § 265.02 [4]; *People v Daniels,* 77 AD2d 745, 746; *People v Simmons,* 55 AD2d 879, *affd* 43 NY2d 806). The cumulative effect of the

trial errors requires reversal and a new trial rather than reduction of the individual counts.

Lastly, we find no reason to disturb the hearing court's determination that the defendant knowingly and intelligently waived his *Miranda* rights *(see, Miranda v Arizona,* 384 US 436) and voluntarily made statements to the police. The subsequent refusal by the defendant to sign a written waiver did not vitiate the effective waiver of those rights *(see, People v Ridgeway,* 101 AD2d 555, 562, *affd* 64 NY2d 952; *People v Danaher,* 115 AD2d 905, 906; *cf., People v Davis,* 55 NY2d 731, 733). The defendant's claim that his statements to police were the fruit of illegally obtained evidence is raised for the first time on appeal and, thus, is not preserved for appellate review *(see,* CPL 470.05 [2]). Moreover, the failure to raise the claim in the trial court deprives this court of an adequate record to review the legality of the search and seizure in the interest of justice. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.