■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENVER A. McDOWELL, Appellant. [609 NYS2d 985] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: The record fails to support the contention that defendant's guilty plea to murder in the second degree and conspiracy in the first degree was not entered knowingly, intelligently and voluntarily. Further, although defendant pleaded guilty to the most serious counts of the indictment without any assurance of sentence leniency, we are persuaded that, in deciding to plead, defendant hoped that the sentencing court would impose concurrent terms of imprisonment, but knowingly took the risk that the sentencing court might direct that the terms run consecutively, and that he was not denied effective assistance of counsel. The record reveals that defense counsel made the appropriate pretrial motions and actively represented defendant at the plea and sentencing proceedings, and thus, that counsel provided meaningful representation *(see, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137).

The fact that defendant did not sign the *Miranda* rights waiver form does not preclude a finding that his waiver was adequate and proper *(see, People v Slaughter,* 163 AD2d 342,

346; *People v Danaher,* 115 AD2d 905, 906). The record supports the suppression court's determination that defendant knowingly, intelligently and voluntarily waived his *Miranda* rights.

The sentencing court imposed the maximum term of imprisonment on each count to which defendant pleaded guilty, and the court directed that the terms run consecutively. Although that sentence was lawful, we exercise our discretionary power *(see,* CPL 470.15 [6] [b]) to modify that sentence and direct that those terms of imprisonment run concurrently. (Appeal from Judgment of Seneca County Court, Falvey, J.—Murder, 2nd Degree.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.