OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously reversed on the law and accusatory instruments dismissed.
By way of simplified traffic informations, defendant was charged with driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), driving while impaired (Vehicle and Traffic Law § 1192 [1]), inadequate muffler (Vehicle and Traffic Law *278 § 375 [31]), and. failure to keep right (Vehicle and Traffic Law § 1120 [a]). Following completion of discovery in February 1995, the People announced their readiness for trial, and reduced the misdemeanor charge of driving while intoxicated to the violation of driving while impaired. The People also consented to the dismissal of failure to keep right as the requested supporting deposition was not filed in a timely manner.
After the trial, which took one day (Nov. 14, 1995), the court reserved decision. It was not until January 29, 1996, that the court returned a verdict of guilty. In a two-page written decision, the court found defendant guilty of driving while impaired, failure to keep right, and inadequate muffler. As stated above, however, the charge of failure to keep right was dismissed for the People’s failure to timely file a supporting deposition. Moreover, the decision makes reference to defendant’s testimony, when, in fact, defendant neither testified, nor presented any case.
On appeal, defendant argues that the court’s 76-day delay in rendering its verdict resulted in a loss of jurisdiction over the defendant. We agree.
Since the record is devoid of consent by defendant to any delay beyond two weeks, the judgment cannot stand as the time is unreasonable (see, People v South, 41 NY2d 451 [1977]; CPL 350.10). Thus, the judgment must be reversed and the in-formations dismissed.
DiPaola, P. J., Collins and Ingrassia, JJ., concur.