■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUO YAN ZHENG, Appellant. [698 NYS2d 533] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered November 20, 1996, convicting him of kidnapping in the first degree (four counts), burglary in the first degree, robbery in the first degree (three counts), robbery in the second degree (three counts), assault in the second degree (four counts) and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Clabby, J.), of those branches of the defendant's omnibus motion which were to suppress statements made by him to law enforcement officials and physical evidence.

Ordered that the judgment is affirmed.

The defendant did not demonstrate that he had a right of privacy in the premises searched. He therefore had no stand-

ing to raise a challenge to the constitutionality of the search (*see, People v Ponder,* 54 NY2d 160; *People v Lerhinan,* 90 AD2d 74). The People properly raised the issue of standing for the first time on appeal, since it was the defendant's burden, in the first instance, to establish that he had standing (*see, People v Poree,* 240 AD2d 597; *People v Jackson,* 207 AD2d 805).

Furthermore, the Supreme Court correctly found the defendant's confession to be admissible. The defendant knowingly, voluntarily, and intelligently waived his right to refuse to give a statement (*see, People v Ridgeway,* 101 AD2d 555, *affd* 64 NY2d 952; *see also, People v McDowell,* 202 AD2d 1021; *People v Slaughter,* 163 AD2d 342, 345-346).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Ritter, J. P., Joy, Goldstein and McGinity, JJ., concur.