■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HONG JI, Appellant. [698 NYS2d 542] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered November 22, 1996, convicting him of kidnapping in the first degree (four counts), burglary in the first degree, robbery in the first degree (three counts), robbery in the second degree (three counts), and assault in the second degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Clabby, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court correctly found the defendant's confession to be admissible. The defendant knowingly, voluntarily, and intelligently waived his right to remain silent (*see, People v Ridgeway,* 101 AD2d 555; *see also, People v McDowell,* 202 AD2d 1021; *People v Slaughter,* 163 AD2d 342, 345-346).

The defendant's contention that the evidence that he acted in concert to kidnap and rob the victims was legally insufficient is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Ings,* 248 AD2d 485). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt

beyond a reasonable doubt (*see,* CPL 470.15 [5]). Moreover, the verdict was not against the weight of the evidence.

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is without merit. Ritter, J. P., Joy, Goldstein and McGinity, JJ., concur.