■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DANIEL WASHINGTON, Respondent. [732 NYS2d 241] —Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), entered December 20, 2000, as, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress evidence of narcotics recovered from an apartment building's hallway as the fruit of an illegal arrest.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was to

suppress evidence of narcotics recovered from the apartment building's hallway is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The defendant was arrested after he allegedly sold narcotics to an undercover officer in front of an apartment building. After a hearing, the Supreme Court determined that the People failed to establish probable cause for the defendant's arrest, and suppressed evidence of money found on his person and packets of heroin found under a radiator in the apartment building's hallway as the fruit of an illegal arrest. On appeal, the People do not contest the suppression of the money. However, the People contend that the Supreme Court erred in suppressing the narcotics as the defendant did not have standing to contest the seizure of evidence found in the apartment building's hallway. Furthermore, the People contend that the discovery of the narcotics was not the result of the illegal arrest.

Contrary to the defendant's contention, the People preserved the issue of standing. To establish standing, it was the defendant's burden to demonstrate a legitimate expectation of privacy in the premises searched (*see, People v Ramirez-Portoreal,* 88 NY2d 99, 108). We agree with the People that the defendant failed to demonstrate that he had any legitimate expectation of privacy in the apartment building's hallway, which was accessible to all tenants and their invitees (*see, People v Bilsky,* 261 AD2d 174, *affd* 95 NY2d 172; *People v Morales,* 250 AD2d 782; *People v Murray,* 233 AD2d 956). Furthermore, the defendant failed to meet his burden of establishing a "causal connection" between his arrest and the discovery of the narcotics warranting application of the exclusionary rule (*People v Arnau,* 58 NY2d 27, 34, *cert denied* 468 US 1217). Accordingly, the Supreme Court erred in suppressing evidence of the narcotics recovered from the apartment building's hallway as the fruit of an illegal arrest.

The defendant's remaining contentions are without merit. O'Brien, J. P., Friedmann, Smith and Cozier, JJ., concur.