■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD ANDERSON, Appellant. [761 NYS2d 855] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brennan, J.), rendered April 26, 2001, convicting him of criminal possession of a weapon in the third degree, criminal possession of a weapon in the fourth degree, and menacing in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Silverman, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the People can properly raise the issue of standing for the first time on appeal, since it was the defendant's burden, in the first instance, to establish that he had standing (*see People v Myers*, 303 AD2d 139 [2003]; *People v Guo Yan Zheng*, 266 AD2d 471 [1999]). Moreover, we agree with the People that the defendant failed to demonstrate that he had any legitimate expectation of privacy in the premises searched, which was accessible to all tenants and their invitees (*see People v Washington*, 287 AD2d 752 [2001]; *People v Bilsky*, 261 AD2d 174 [1999], *affd* 95 NY2d 172 [2000]; *People v Morales*, 250 AD2d 782 [1998]).

Furthermore, submission of an annotated verdict sheet to the jurors to assist them in distinguishing between the two weapon possession counts does not warrant reversal. The defendant correctly contends that the verdict sheet submitted to the jury was not in compliance with CPL 310.20 (2) as it existed at that time (*see People v Damiano*, 87 NY2d 477 [1996]; *People v Gerstner*, 270 AD2d 837 [2000]). However, the provision at issue was subsequently amended in September of 2002 (*see* L 2002, ch 588), to authorize the use of annotations such as those employed by the trial court in this case. Generally, "cases should be decided on the basis of the law as it exists at the time of the decision" (*People v Favor*, 82 NY2d, 254, 263 [1993]; *see People v Vasquez*, 88 NY2d 561 [1996]), and a case decided on direct appeal will be subject to the application of any change in the law pronounced before the judgment becomes final (*see People v Morales, supra; People v Kramer*, 267 AD2d 328 [1999]). While statutory amendments may be prospective or retrospective in effect (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 51), procedural statutes will generally be construed to operate retroactively (*see* McKinney's Cons Laws

of NY, Book 1, Statutes § 55). A review of the legislative history surrounding the 2002 amendments to CPL 310.20 (2) (*see* Mem in Support, NY State Assembly, L 2002, ch 588, 2002 McKinney's Session Laws of NY, at 2069), in conjunction with the fact that the provision at issue was inserted in a statute governing procedure in criminal cases establishes that the Legislature intended the amendment to be applied retroactively (*see People v Sorbello*, 285 AD2d 88 [2001]; *see also People v Mitchell*, 80 NY2d 519 [1992]; *People v Pepper*, 53 NY2d 213 [1981]). Accordingly, reversal is not warranted as the annotations on the verdict sheet comport with the statute as amended. Florio, J.P., Friedmann, Townes and Mastro, JJ., concur.