■ SALVATORE A. CATALDO, Appellant, v INCORPORATED VILLAGE OF MINEOLA et al., Respondents. [794 NYS2d 686]—

In an action to recover damages for alleged violations of state and federal constitutional rights arising from an alleged unlawful inspection of the plaintiff's property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), dated January 14, 2004, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly determined that the defendants made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the inspection of the plaintiff's premises by the defendants' building inspectors was conducted after obtaining the voluntary consent of the tenant of the second-floor apartment who possessed the requisite authority or control over the premises or property to be searched to give such consent (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *People v Adams*, 53 NY2d 1, 8 [1981], *cert denied* 454 US 854 [1981]; *People v Harris*, 274 AD2d 837, 839 [2000]). With respect to the exterior of the premises, an owner has no legitimate expectation of privacy in areas accessible to tenants and their invitees (*see People v Funches*, 89 NY2d 1005, 1007 [1997]; *People v Anderson*, 306 AD2d 536 [2003]; *People v Washington*, 287 AD2d 752, 753 [2001]). The evidence adduced by the plaintiff in opposition failed to raise a triable issue of fact to rebut the defendants' prima facie showing (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Therefore, the court correctly granted the defendants' motion for summary judgment dismissing the complaint. H. Miller, J.P., Ritter, Goldstein and Crane, JJ., concur.