■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN McCALL, Appellant. [860 NYS2d 539]—

Appeals by the defendant from four judgments of the County Court, Rockland County (Kelly, J.), all rendered February 25, 1998, convicting him of criminal possession of a controlled substance in the third degree (two counts), criminally using drug paraphernalia in the first degree, and criminal possession of a controlled substance in the seventh degree under indictment No. 97-00030, upon a jury verdict, criminal possession of a controlled substance in the third degree under indictment No. 97-00153, criminal possession of a controlled substance in the third degree under indictment No. 97-00239, and robbery in the second degree under indictment No. 97-00135, upon his pleas of guilty, and imposing sentences. The appeal from the judgment under indictment No. 97-00030 brings up for review the denial (Meehan, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence seized pursuant to a search warrant.

Ordered that the judgments are affirmed.

The defendant contends that there was no probable cause for the issuance of a search warrant for the subject premises. In response, the People contend that the defendant lacks standing to challenge the search warrant. Although the People raise this argument for the first time on appeal, their doing so is not improper since it was the defendant's burden to establish, in the first instance, standing to challenge the search warrant (*see People v Anderson,* 306 AD2d 536 [2003]; *People v Myers,* 303 AD2d 139, 142 [2003]; *People v Guo Yan Zheng,* 266 AD2d 471 [1999]). Here, the evidence demonstrated that the defendant was only a casual visitor to the premises searched, and therefore, he lacked standing to challenge the search warrant, since he had no legitimate expectation of privacy in the premises (*see People v Ramirez-Portoreal,* 88 NY2d 99, 108 [1996]; *People v Ortiz,* 83 NY2d 840, 842-843 [1994]; *People v Gonzalez,* 45 AD3d 696 [2007]; *People v Myers,* 303 AD2d at 142; *People v*

*Abreu,* 239 AD2d 424 [1997]; *People v Melendez,* 160 AD2d 739, 739 [1990]). Fisher, J.P., Miller, McCarthy and Chambers, JJ., concur.