THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ALLEN, Appellant. [865 NYS2d 231]—

Appeal by defendant from a judgment of the Supreme Court, Kings County (Brennan, J.), rendered April 26, 2006, convicting him of criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Gary, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant was arrested in the vestibule of the apartment building where he lived, and eight packets of cocaine were

recovered from his person. During the *Mapp/Dunaway* hearing (*see Mapp v Ohio*, 367 US 643 [1961]; *Dunaway v New York*, 442 US 200 [1979]), the defendant requested that the court also hold a hearing pursuant to *Payton v New York* (445 US 573 [1980]) on the ground that he had an expectation of privacy in the vestibule. The request was denied, and following the *Mapp/Dunaway* hearing, the court denied that branch of the defendant's omnibus motion which was to suppress the drugs. The defendant moved for leave to reargue his application for a *Payton* hearing. The Supreme Court granted the motion and, upon reargument, adhered to its original determination.

The defendant's contention that he was entitled to a hearing to determine whether his warrantless arrest was unlawful under *Payton* is without merit. While the police may not enter a person's home without a warrant absent exigent circumstances or consent (*see Payton v New York*, 445 US 573 [1980]), a defendant has "a diminished expectation of privacy" in the open areas of a building which are subject to the common use of the tenants in that building (*People v Funches*, 89 NY2d 1005, 1007 [1997]; *see People v Washington*, 287 AD2d 752 [2001]). Here, the defendant was arrested while standing in the vestibule of his apartment building. Although the apartment building had only six apartments, the defendant failed to demonstrate that he had any legitimate expectation of privacy in the apartment building's vestibule, as it was accessible to all tenants and their invitees (*see People v Washington*, 287 AD2d at 753). Accordingly, upon reargument, the court properly adhered to its determination denying the defendant's request for a *Payton* hearing.

The defendant claims that he was prejudiced by the People's delay in producing notes made by police department chemists who testified that the contents of the ziploc bags recovered upon his arrest contained cocaine. The prosecution is required to produce, before the prosecutor's opening address, "[a]ny written or recorded statement . . . made by a person whom the prosecutor intends to call as a witness at trial, and which relates to the subject matter of the witness's testimony" (CPL 240.45 [1] [a]). However, "a defendant is not entitled to reversal of the judgment of conviction unless there is a showing that he or she has been substantially prejudiced by the late delivery" (*People v Page*, 296 AD2d 427, 427-428 [2002] [internal quotation marks omitted]; *see* CPL 240.75). Here, defense counsel received some of the notes prior to the trial and was given the remaining notes before his cross-examination of each chemist. The defendant has failed to establish that he was in any way prejudiced by the delay (*see People v Vidal*, 234 AD2d 403 [1996]). Skelos, J.P., Ritter, Florio and Carni, JJ., concur.