OPINION OF THE COURT
Memorandum.
On the court’s own motion, appeals consolidated for purposes of disposition.
Judgments of conviction reversed, on the law, defendants’ motions to dismiss the accusatory instruments pursuant to CPL 30.30 granted and accusatory instruments dismissed.
On August 10, 2005 the People filed, and defendants were each arraigned on, two separate accusatory instruments charging them with maintaining apartments on both the second floor and in the basement of their single-family home without obtaining a certificate of occupancy for these apartments (Huntington Town Code § 87-25 [A]). Although the complainant averred in the accusatory instruments that the factual allegations were based on personal knowledge and upon his review of official records kept by the Town of Huntington, no such records were attached to the accusatory instruments. Furthermore, the complainant stated in a conclusory manner that defendants were maintaining apartments, without describing the so-called apartments. Defendants moved to dismiss the accusatory instruments as jurisdictionally defective. While a decision on said motions was pending, the People filed a superseding set of informations, and annexed thereto were certified copies of the deed and the certificate of occupancy for the single-family home. In addition, the superseding informations set forth details concerning the apartments in the basement and on the second floor by adding facts, such as the existence of a kitchen, bathroom and bedroom in each apartment. Thereafter, the District Court denied defendants’ motions as moot and noted that the super *53 seding accusatory instruments were sufficient. Defendants then each made another motion to dismiss the superseding accusatory instruments as jurisdictionally defective, and the court denied said motions, finding that the superseding informations were sufficient.
Huntington Town Code § 87-25 (A) provides as follows: “It shall be unlawful to maintain, occupy or use a building, structure or land, or any part thereof, for which a certificate of occupancy and/or a certificate of permitted use had not been issued, or if such certificate has been revoked or suspended.”
Section 100.40 (1) of the Criminal Procedure Law states that an information is sufficient on its face when it substantially conforms to the requirements of CPL 100.15, the factual allegations (together with any supporting depositions which may accompany it) provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part, and the nonhearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and defendant’s commission thereof. The law does not require that the most precise words or phrases which most clearly express the thought be contained in an information, but only that the crime be alleged and the specifics set forth so that a defendant can prepare himself for trial and will not be tried again for the same offense (see People v Konieczny, 2 NY3d 569, 575 [2004]; People v Zambounis, 251 NY 94 [1929]). “So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]).
After reviewing the superseding informations, we agree with the District Court that they were not jurisdictionally defective. Thus, the District Court properly denied defendants’ motions to dismiss these informations on jurisdictional grounds.
We find, however, that the District Court erred in denying defendants’ motions to dismiss pursuant to CPL 30.30 on the ground that they were denied their right to a speedy trial. Since defendants were only charged with violations, the People were required to declare readiness for trial within 30 days of the commencement of the action (CPL 30.30 [1] [d]). In the case at bar, the criminal action was commenced for speedy trial purposes on August 10, 2005, the day on which the original, *54 albeit jurisdictionally defective, accusatory instruments were filed (see People v Clayton, 39 AD3d 873 [2007]). The District Court relied on decisions of this court issued prior to the Clayton case (e.g. People v Gilligan, NYLJ, Nov. 27, 2000, at 36 [App Term, 9th & 10th Jud Dists]; People v Gross, NYLJ, Mar. 26, 1996, at 35 [App Term, 9th & 10th Jud Dists]; People v Phillips, NYLJ, July 27, 1994, at 25 [App Term, 9th & 10th Jud Dists]), which held that an action is commenced, for speedy trial purposes, not on the date on which an initial, jurisdictionally defective accusatory instrument is filed, but, rather, on the date on which a jurisdictionally sufficient superseding information is filed.
Although the jurisdictionally defective informations started the speedy trial clock, the entire period between the filing of the jurisdictionally defective informations and the filing of the jurisdictionally sufficient superseding informations was not, contrary to defendants’ contention, automatically chargeable to the People (see People v White, 211 AD2d 982 [1995]; People v Kanter, 173 AD2d 560 [1991]). Hence, this time period must be examined.
The People state that they declared readiness at defendants’ arraignment on August 10, 2005 and that the case was adjourned on consent to September 28, 2005. Defendants merely claim that they were arraigned on August 10, 2005 and that the case was adjourned to September 28, 2005. There are no minutes from defendants’ arraignment. Thus, there is no way to determine whether the People’s assertions are accurate.
With respect to readiness, we note that since the original in-formations were jurisdictionally defective, any statement of readiness made by the People on August 10, 2005 would in any event have been illusory, because the People could not validly declare ready until there was an accusatory instrument sufficient for trial (see generally People v Kendzia, 64 NY2d 331 [1985]; compare People v Colon, 59 NY2d 921 [1983] [People could not be ready on a misdemeanor complaint, because it was insufficient for trial], with People v Biamonte, 19 Misc 3d 139[A], 2008 NY Slip Op 50896[U] [App Term, 9th & 10th Jud Dists 2008] [People could be ready on a nonjurisdictionally defective information that was sufficient for trial in the absence of an objection by the defendant]). Thus, the People were not ready on August 10, 2005.
As to the issue of consent, it is true that an adjournment to which defendants consented would be excluded from the time *55 chargeable to the People even though the People were not ready (see CPL 30.30 [4] [b]; People v Worley, 66 NY2d 523 [1985]). Nevertheless,
“it is the People’s burden to ensure, in the first instance, that the record of the proceedings at which the adjournment was actually granted is sufficiently clear to enable the court considering the subsequent CPL 30.30 motion to make an informed decision as to whether the People should be charged . . . [and when] the People fail[ ] to satisfy this primary obligation, they must assume responsibility for the . . . delay” (People v Cortes, 80 NY2d 201, 215-216 [1992] [citations omitted]; see also People v Collins, 82 NY2d 177 [1993]).
As the People failed to satisfy their burden of creating a record establishing that the period from August 10, 2005 to September 28, 2005 is excludable on the basis of consent, and as they have established no other ground for its exclusion, it must be charged to them.
In view of the foregoing, we conclude that the District Court improperly denied defendants’ motions to dismiss the accusatory instruments pursuant to CPL 30.30 (1) (d). Accordingly, the judgments of convictions are reversed, defendants’ motions to dismiss the accusatory instruments pursuant to CPL 30.30 are granted and the accusatory instruments are dismissed.
Tanenbaum, J.R, Molía and LaCava, JJ., concur.