09-2640-cv
*Tarantino v. City of Hornell, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION: "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of May, two thousand ten.

PRESENT:

RALPH K. WINTER,
JOSEPH M. MCLAUGHLIN,
DEBRA ANN LIVINGSTON,
*Circuit Judges*.

_____

FREDERICK TARANTINO,

*Plaintiff-Appellant*,

v.                                                                (09-2640-cv)

CITY OF HORNELL, TIMOTHY AIKEN, SHAWN HOGAN, JOE PELYCH,

*Defendants-Appellees*.

_____

For Plaintiff-Appellant:          Frederick Tarantino, *pro se*, Amherst, New York

For Defendants-Appellees:    Thomas W. Bender, Bender, Crawford & Bender, LLP, Buffalo, New York

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant Frederick Tarantino appeals *pro se* from a May 19, 2009 order of the United States District Court for the Western District of New York (Larimer, *J.*) granting summary judgment in favor of Defendants-Appellees and dismissing Tarantino's complaint asserting violations of 42 U.S.C. § 1983 and various state law claims. *See Tarantino v. City of Hornell*, 615 F. Supp. 2d 102 (W.D.N.Y. 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case and with the issues presented for review.

We review an order granting summary judgment *de novo*, and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a[n adequately supported] summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Appellant Tarantino's principal contentions on appeal relate to his facial challenge to various provisions of the City of Hornell's Municipal Code § 120-1, which sets forth the requirements, *inter alia*, that all residential dwelling and commercial rental units in the City of Hornell be inspected and

2

certified for occupancy by the City. Hornell, N.Y., Municipal Code § 120-1. When construed generously, *see Wright v. Comm'r*, 571 F.3d 215, 219 (2d Cir. 2009), Tarantino's appellate brief also challenges the district court's dismissal of his Fourth Amendment, First Amendment retaliation, malicious prosecution, Equal Protection, and Contract Clause claims. Any challenge to the district court's decision not sufficiently raised in Tarantino's brief is deemed waived. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).

We find no error in the district court's grant of summary judgment to defendants on Tarantino's constitutional claims, and therefore affirm the judgment for substantially the same reasons set forth in the District Court's thorough and well-reasoned opinion. *See Tarantino*, 615 F. Supp. 2d 102. To the extent Tarantino presses a facial challenge to the provision of § 120-1 that prohibits the collection of rents on properties that lack the required Certificate of Occupancy, Hornell, N.Y., Municipal Code § 120-1(C)(1)(c), we conclude that this provision is rationally related to the legitimate governmental purpose of enforcing the substantive requirements of Hornell's municipal code relating to the inspection and certification of buildings within the City. *See Molinari v. Bloomberg*, 564 F.3d 587, 608 (2d Cir. 2009).

We have carefully considered all of Appellant's arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

                                                    FOR THE COURT:
                                                    Catherine O'Hagan Wolfe, Clerk

3