[910 NYS2d 336]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v M. SANTULLI, LLC, Appellant.

Supreme Court, Appellate Term, Second Department, August 10, 2010

**APPEARANCES OF COUNSEL**

*Reisman Peirez & Reisman LLP*, Garden City (*David Berg* of counsel), for appellant. *Karen M. Wilutis, Town Attorney*, Farmingdale (*Jennifer Lutzer* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

Ordered that the judgment of conviction is affirmed.

Defendant limited liability company was charged with violating Brookhaven Town Code § 16-4 ("Certificates of occupancy"). In the factual portion of the accusatory instrument, signed pursuant to Penal Law § 210.45 by a town investigator, the investigator alleged that, "M. Santulli, LLC, did own [the] subject premises . . . as determined by a search of records maintained by the Suffolk County Clerk's Office" and that on the date and at the time in question, he had observed three apartments on the first floor of the premises in issue, two apartments on the second floor, and one apartment on the third floor. Two of the apartments, he asserted, were vacant. He also alleged, "Your deponent researched the records kept by the Town of Brookhaven Building Department and found no Certificate of Occupancy on file for such use." The instrument ended, "This information is based upon [X] Personal knowledge of [the name of the town investigator was inserted here]."

Defendant moved unsuccessfully in its omnibus motion for suppression of the town investigator's observations of the premises. At the nonjury trial, the investigator testified that he observed the interiors of two occupied apartments on the first floor and one on the third floor. He did not testify that he saw the interiors of any vacant apartments. A copy of the relevant Building Department file was introduced into evidence by means of the testimony of a town zoning inspector. The District Court found defendant guilty.

Defendant raises several challenges to the validity of the accusatory instrument. The first pertains to the allegation "Your deponent researched the records kept by the Town of Brookhaven Building Department and found no Certificate of Occupancy on file for such use." Contrary to what defendant argues, the nonexistence of an appropriate certificate of occupancy was adequately established for the purpose of CPL 100.40 (1) (c) by this allegation, and the possibility that an appropriate certificate existed but had been misfiled was properly left for exploration at trial (see People v Kalin, 12 NY3d 225, 230 [2009] ["'(a) prima facie case requirement is not the same as the burden of proof beyond a reasonable doubt required at trial, nor does it rise to the level of legally sufficient evidence that is necessary to survive a motion to dismiss based on the proof presented at trial" (internal quotation marks and citations omitted)]).

Defendant also asserts that a certified copy of the deed for the premises had to be filed with the information to establish ownership for the purpose of CPL 100.40 (1) (c). We disagree. It is clear from the factual allegations of the information that the town investigator had personal knowledge of the contents of the records he had searched, since he alleged both that ownership had been "determined by a search of records maintained by the Suffolk County Clerk's Office" and that "[t]his information is based upon . . . Personal knowledge" (*see generally People v Casey*, 95 NY2d 354, 360 [2000]). It may be inferred from the site of the search that the record relied upon by the town investigator was a deed (*see* Real Property Law § 291). Under these circumstances, any challenge to the source or validity of the town investigator's conclusion as to ownership was to be left for trial (*see People v Schmidt*, 7 Misc 3d 128[A], 2005 NY Slip Op 50487[U] [App Term, 9th & 10th Jud Dists 2005]). In *People v Reyes* (24 Misc 3d 51 [App Term, 9th & 10th Jud Dists 2009]), our conclusion that the accusatory instrument was defective rested not on the fact that there was no certified copy of a deed attached, but, rather, on the fact that the factual allegations in the information were too "conclusory" (*id.* at 52).

We further find that the factual allegations of the instrument were not overly "conclusory" (*People v Dumas*, 68 NY2d 729, 731 [1986]; *see* CPL 100.15 [3]). The allegations are sufficiently "evidentiary" (CPL 100.15 [3]) to permit a reviewing court to determine that the complainant had made sufficient observations to support the charge (*see People v Kalin*, 12 NY3d at 231). The allegations were also sufficiently detailed both to enable defendant to prepare a defense and to establish what it was that defendant was being charged with, so that defendant was protected against future prosecution for the same offense (*see People v Dreyden*, 15 NY3d 100 [2010]; *People v Kalin*, 12 NY3d at 230 ["so long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (brackets, internal quotation marks and citations omitted)]).

◼ Defendant also contends that the District Court erred in summarily denying the branch of defendant's omnibus motion seeking to suppress evidence. The District Court ruled that defendant did not have standing to challenge the inspections by the town investigator because "a tenant, not the landlord, has

the expectation of privacy in the leased premises." Initially, we note that any error in the summary denial of the suppression motion insofar as it pertained to inspections of vacant apartments was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237 [1975]), since the town investigator did not testify at trial as to any observations made inside those apartments.

As for the occupied apartments, "[s]tanding exists where a defendant was aggrieved by a search of a place or object in which he or she had a legitimate expectation of privacy (*see People v Ramirez-Portoreal*, 88 NY2d 99, 108 [1996])" (*People v Burton*, 6 NY3d 584, 587-588 [2006]). In *People v Rosa* (NYLJ, June 11, 1996, at 33, col 3 [App Term, 9th & 10th Jud Dists 1996]), this court held as follows: "Defendants, who are absentee landlords, failed to establish any basis for an expectation of privacy to an apartment leased to a tenant" (*see also Tarantino v City of Hornell*, 615 F Supp 2d 102, 109 [WD NY 2009], *affd* 378 Fed Appx 68 [2d Cir 2010] ["(i)t is well established that a landlord does not have a reasonable expectation of privacy with respect to property that he has rented to a tenant, and that is occupied by that tenant" (citations omitted)]; *Arrowsmith v City of Rochester*, 309 AD2d 1201 [4th Dept 2003]; *cf. Sokolov v Village of Freeport*, 52 NY2d 341 [1981]).

Defendant points to Brookhaven Town Code § 82-8 (C), which provides as follows:

> "Search without warrant restricted. Nothing in this chapter, except for provisions concerning emergency inspections, shall be deemed to authorize the Chief Building Inspector of the Town of Brookhaven or his authorized representative to conduct an inspection of any premises . . . without the consent of the owner of the premises and without a warrant duly issued by an appropriate court."

To the extent that defendant is arguing that this provision confers standing on it with respect to the occupied apartments, defendant's argument lacks merit. The provision does no more than make clear that the Brookhaven Town Code itself cannot be invoked as authority for an entry. Thus, the provision does not eliminate any right of entry that would otherwise exist, and consequently cannot afford any expectation of privacy beyond what would otherwise exist.

Noting the allegations in defense counsel's affirmation in support of the suppression motion asserting that the building in

question had "No Trespassing" signs posted, defendant points to *People v Scott* (79 NY2d 474 [1992]) and cites the following statement: "We hold that where landowners fence or post 'No Trespassing' signs on their private property or, by some other means, indicate unmistakably that entry is not permitted, the expectation that their privacy rights will be respected and that they will be free from unwanted intrusions is reasonable" (*id.* at 491). Defendant omits, however, the lines that follow the above quotation. The Court of Appeals continued, three sentences later, as follows: "The People do not contend—notwithstanding this posting—that defendant permitted others on his land." (*Id.*) Here, notwithstanding the existence of "No Trespassing" signs, there would, in the normal course of events, be numerous "others" (*id.*) permitted to enter the premises. What is more, these "others" would, in the normal course of events, be permitted to enter at the pleasure of the tenants, not of defendant. Consequently, we reject defendant's argument that the "No Trespassing" signs established that it had "a legitimate expectation of privacy" (*People v Burton*, 6 NY3d at 587).

We similarly reject defendant's argument that it had standing with respect to the common areas of the premises used by the town investigator to gain access to the apartments. Since these areas were open to all those to whom the tenants wished to grant entry into the apartments, defendant had no "legitimate expectation of privacy" (*id.*) in the areas (*see generally People v Allen*, 54 AD3d 868, 869 [2008]; *People v Dennis*, 263 AD2d 618, 619 [1999]). Contrary to what defendant contends, it also had no standing with respect to the structural aspects of the property that were at issue here, since these structural aspects, too, were open to all those to whom the tenants granted entry into the apartments. We note that no issue is raised on appeal concerning certain notarized statements signed by the tenants.

Additionally, we find to be without merit defendant's claim that the only permissible means of establishing the absence of an appropriate certificate of occupancy from the Building Department file was pursuant to CPLR 4521. Here, an adequate foundation for admission of the copy of the contents of the file was laid by the oral testimony of the zoning inspector (*see* CPLR 4543, 4539 [b]; *cf.* CPLR 4540, 4521), and the contents of the file themselves established the absence of an appropriate certificate of occupancy (*see* CPLR 4543). Also lacking merit is defendant's argument that the People's failure to call

the custodian of the town building records as a witness warrants reversal under *Crawford v Washington* (541 US 36 [2004]). A letter from the custodian of the records apparently purporting to certify that certain documents replicated the complete contents of the file for the premises in question was admitted into evidence. Any error in the admission of that letter was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d at 237), however, in light of the fact that it was conceded by the prosecution at trial that the documents did not, in fact, replicate the complete contents of the file. No other statements by the custodian of the records were introduced into evidence.

██ ██ We find that the evidence, when viewed in the light most favorable to the People (*see People v Hawkins*, 11 NY3d 484, 493 [2008]), was legally sufficient to establish defendant's guilt, and we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]; *People v Lane*, 7 NY3d 888 [2006]; *People v Romero*, 7 NY3d 633 [2006]). We note, in particular, that the zoning inspector's testimony established that the Building Department file copied by him was complete, and that the file contains no certificate of occupancy or substitute for a certificate of occupancy purporting to remain valid for the use of the premises described by the town investigator at trial. Finally, defendant was not deprived of its right to have the verdict rendered within a reasonable period of time (*see* CPL 350.10 [3]; *People v South*, 41 NY2d 451 [1977]), despite the $3^{1}/_{2}$-month delay between the last day of trial and the court's verdict, in light of the facts that defense counsel submitted a post-trial memorandum and that the case raises complex issues (*cf. People v Roberti*, 27 Misc 3d 77 [App Term, 9th & 10th Jud Dists 2010]; *People v Plaza*, 175 Misc 2d 277 [App Term, 9th & 10th Jud Dists 1997]).

Accordingly, the judgment of conviction is affirmed.

NICOLAI, P.J., TANENBAUM and IANNACCI, JJ., concur.