The People of the State of New York, Respondent, -against
against
Carol Fitzsimmons, Appellant. The People of the State of New York, Respondent, -against- NO. 2014-84 S CR Carol Fitzsimmons, Appellant. The People of the State of New York, Respondent, -against- NO. 2014-85 S CR Carol Fitzsimmons, Appellant. The People of the State of New York, Respondent, NO. 2014-86 S CR Carol Fitzsimmons, Appellant.



Appeals from seven judgments of the District Court of Suffolk County, Sixth District (Janine A. Barbera-Dalli, J.), rendered December 12, 2013. The judgments convicted defendant, after three nonjury trials, of violating a certificate of occupancy (Code of the Town of Brookhaven [Code] § 85-20), failing to maintain a premises free of conditions detrimental to safety or health (Code § 82-3 [F]), and maintaining a rental occupancy without obtaining a rent registration certificate (Code § 82-10) with respect to premises 36 Julia Circle (collectively, appeal No. 2014-83 S CR); improper storage of an unregistered motor vehicle (Code § 45-6) with respect to premises 36 Julia Circle (appeal No. 2014-84 S CR); maintaining a rental occupancy without obtaining a rent registration certificate (Code § 82-10) with respect to premises 48 Julia Circle (appeal No. 2014-85 S CR); and improper storage of an unregistered motor vehicle (Code § 45-6) and failing to maintain a premises free of litter (Code § 45-4) with respect to premises 48 Julia Circle (collectively, appeal No. 2014-86 S CR).




ORDERED that, on the court's own motion, the appeals are consolidated for purposes of disposition; and it is further,
ORDERED that the judgment convicting defendant of failing to maintain a premises free of conditions detrimental to safety or health with respect to premises 36 Julia Circle is reversed, on the law, the accusatory instrument alleging that offense is dismissed, and the fine, if paid, is remitted; and it is further,
ORDERED that the judgments convicting defendant of violating the certificate of occupancy, maintaining a rental occupancy without obtaining a rent registration certificate, and improper storage of an unregistered motor vehicle with respect to premises 36 Julia Circle, and maintaining a rental occupancy without obtaining a rent registration certificate, improper storage of an unregistered motor vehicle, and failing to maintain a premises free of litter with respect to premises 48 Julia Circle are affirmed.
On June 4, 2013, the People charged defendant with 10 violations of the Code of the Town of Brookhaven (Code), six at a residential premises owned by defendant at 36 Julia Circle, Town of Brookhaven, and four at 48 Julia Circle, Town of Brookhaven, also a residential premises owned by defendant. Three of the charges were dismissed before or during three nonjury trials, after which defendant was convicted of violating a certificate of occupancy (Code § 85-20), failing to maintain a premises free of conditions detrimental to safety or health (Code § 82-3 [F]), maintaining a rental occupancy without obtaining a rent registration certificate (Code § 82-10), and improper storage of an unregistered motor vehicle (Code § 45-6) at 36 Julia Circle; and of maintaining a rental occupancy without obtaining a rent registration certificate (Code § 82-10), improper storage of an unregistered motor vehicle (Code § 45-6), and failing to maintain a premises free of litter (Code § 45-4) at 48 Julia Circle.
On appeal, defendant objects that a warrantless search by a Town of Brookhaven building inspector at 36 Julia Circle violated her Fourth Amendment rights, that she did not receive prior notice of the charges as provided by the Code, that Code sections 45-4, 45-6, and 82-3 (F) are unconstitutionally vague as applied, and that the District Court judge abused her discretion in declining to recuse herself at the second and third trials.
While a town, municipality or other such entity may not condition the issuance of a rental permit on the owner's consent to a warrantless inspection (Pashcow v Town of Babylon, 53 NY2d 687, 688 [1981]; Sokolov v Village of Freeport, 52 NY2d 341, 346 [1981]; People v LaRoche, 44 Misc 3d 20 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]), the search herein did not arise in the context of defendant's application for a rental permit. Further, she was not aggrieved by any alleged constitutional violation. To establish standing to object to a search, a defendant must assert a legitimate expectation of privacy in the place searched, that is, a privacy interest that society recognizes as reasonable (People v Ramirez-Portoreal, 88 NY2d 99, 108 [1996]). It has long been recognized that, as a general rule, an absentee landlord lacks a sufficient expectation of privacy in "[premises] leased to a tenant" (People v Rosa, NYLJ, June 11, 1996, at 33, col 6 [App Term, 2d Dept, 9th & 10th Jud Dists]) to be heard to object to a search thereof (see People v M. Santulli, LLC, 29 Misc 3d 54, 58 [App Term, 2d Dept, 9th & 10th Jud Dists 2010] [" It is well established that a landlord does not have a reasonable expectation of privacy with respect to property he (or she) has rented to a tenant, and that is [*2]occupied by that tenant'," quoting Tarantino v City of Hornell, 615 F Supp 2d 102, 109 (WD NY 2009), affd 378 Fed Appx 68 (2d Cir 2010)]; see also Arrowsmith v City of Rochester, 309 AD2d 1201, 1202 [2003]; People v All State Props., LLC, 36 Misc 3d 159[A], 2012 NY Slip Op 51820[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; Hafez v City of Schenectady, 894 F Supp 2d 207, 220 [ND NY 2012]). We are satisfied that the People's proof established that defendant did not reside at 36 Julia Circle at the time of the search of which she complains, and that she had rented the premises to others. In any event, even if defendant has standing to object to the search, the proof established that the inspector reasonably relied on the authority of a resident to enter the premises (see People v Adams, 53 NY2d 1, 9 [1981]; People v Dean, 46 AD3d 1229, 1231 [2007]).
Defendant argues that three of the ordinances under which she was convicted, Code § 82-3 (F) (locked doors on the second floor of 36 Julia Circle, alleged to have created a condition "detrimental to safety or health"), Code § 45-4 (property stored in the yard of 48 Julia Circle, alleged to have represented "litter"), and Code § 45-6 (unregistered motor vehicle improperly stored at 48 Julia Circle), are unconstitutionally vague as applied. As defendant never raised a constitutional challenge to Code § 45-4 or § 45-6 at trial, these claims are unpreserved for appellate review (see CPL 470.05 [2]; People v Melendez, 8 NY3d 886, 887 [2007]). We find merit, however, to defendant's "as applied" challenge to Code § 82-3 (F), preserved in a pretrial motion to dismiss. A statute, as applied to facts, must be " sufficiently definite to give a person of ordinary intelligence fair notice that his [or her] conduct is forbidden by the statute' " (People v Garson, 6 NY3d 604, 617 n 7 [2006], quoting People v Stuart, 100 NY2d 412, 420 [2003]), and provide explicit standards for its application (see People v Bright, 71 NY2d 376, 382 [1988]; United States v Nadi, 996 F2d 548, 550 [2d Cir 1993]). "In determining the sufficiency of . . . notice[,] a statute must of necessity be examined in the light of the conduct with which a defendant is charged" (United States v National Dairy Prods. Corp., 372 US 29, 33 [1963]). The question is whether the ordinance provides "adequate warning" as to "the nature of the offense prohibited" (Matter of Mitchell v Fischer, 300 AD2d 490, 490 [2002]). Vagueness scrutiny is "stricter" with respect to laws that provide criminal penalties as opposed to those involving mere economic regulation (VIP of Berlin, LLC v Town of Berlin, 593 F3d 179, 186 [2d Cir 2010]; see also Stuart, 100 NY2d at 419 ["penal laws should be construed strictly, in the accused's favor"]). As applied to the facts, the ordinance at issue does not provide such notice. The existence of locks on interior doors in dwellings does not, self-evidently, represent a condition "detrimental to safety or health" (Code § 82-3 [F]), and a person of ordinary intelligence would not necessarily understand therefrom "that his [or her] contemplated conduct is forbidden" (People v Nelson, 69 NY2d 302, 307 [1987]), so that it cannot be said that defendant had " fair warning of what is prohibited by law so that [she might] act accordingly' " (id., quoting Grayned v City of Rockford, 408 US 104, 108-109 [1972]). 
Defendant's claim that the Town violated its notice requirements is unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, is without merit. The notice provision is not a predicate to initiating criminal proceedings but concerns the authority of the Town to proceed with a remedy in lieu of prosecution. 
Finally, we cannot find that the District Court abused its discretion when denying defendant's recusal motion.
"Recusal, as a matter of due process, is required only where there exists a direct, personal, substantial or pecuniary interest in reaching a particular conclusion . . . or where a clash in judicial roles is seen to exist" (People v Alomar, 93 NY2d 239, 246 [1999]). "Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal" (People v Moreno, 70 NY2d 403, 405 [1987]), and the determination to deny a recusal motion "will not be lightly overturned" (Matter of Khan v Dolly, 39 AD3d 649, 650 [2007]). Moreover, while observing that "judges are human" (People v Best, 19 NY3d 739, 744 [2012]), the Court of Appeals agreed that "[u]nlike a lay jury, a Judge . . . is uniquely capable of . . . making an objective determination based upon appropriate legal criteria, despite awareness of facts which [*3]cannot properly be relied upon in making the decision" (id. at 744; see also People v Shannon, 42 Misc 3d 127[A], 2013 NY Slip Op 52144[U], *3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
The fact that the trial judge had presided over defendant's recently concluded landlord-tenant proceeding involving the same premises that is the subject of the trials herein, and, at one point, at the commencement of the second trial, stated that she had "an issue" with defendant's "veracity," did not require the court's recusal as a matter of law, nor do we find that the judge abused her discretion in declining to recuse herself on these grounds alone (see e.g. Hass & Gottlieb v Sook Hi Lee, 55 AD3d 433, 434 [2008]; People v Whitehead, 305 AD2d 286, 287 [2003]; People v Webb, 159 AD2d 289, 289 [1990]; People v Latella, 112 AD2d 324 [1985]).
Accordingly, the judgment convicting defendant of violating Code § 82-3 (F) is reversed, the accusatory instrument alleging that offense is dismissed, and the fine, if paid, is remitted. The remaining judgments of conviction are affirmed.
Marano, P.J., Iannacci and Garguilo, JJ., concur.
Decision Date: April 06, 2016